Matter of Plumbers Local Union No. 1 v New York City Dept. of Bldgs. (2025 NY Slip Op 06264)

Matter of Plumbers Local Union No. 1 v New York City Dept. of Bldgs.

2025 NY Slip Op 06264

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 160502/22|Appeal No. 5154|Case No. 2024-05790|

[*1]In the Matter of Plumbers Local Union No. 1, et al., Petitioners/Plaintiffs-Appellants,
v
The New York City Department of Buildings, et al., Respondents/Defendants-Respondents.

Appellate Litigation Clinic, Columbia Law School, Morningside Heights Legal Services, Inc., New York (Dennis Fan of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered on or about August 13, 2024, which granted the cross-motion of respondent agency The New York City Department of Buildings (DOB) and its acting commissioner to dismiss the amended petition and complaint seeking relief in the nature of mandamus to compel DOB to perform its duty (first cause of action), an order annulling prior approvals of gas pipe authorizations and worker qualification applications as arbitrary and capricious and affected by an error of law (second cause of action), and a judgment declaring that the DOB is obligated to enforce gas safety requirements and deny gas authorization requests where the welders are unqualified or missing qualifications (third cause of action), and dismissed this hybrid proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners Plumbers Union Local No. 1 and its business manager (together, Union) have not demonstrated that they have standing to seek declaratory relief and relief in the nature of mandamus to compel the DOB to enforce the gas, plumbing, and welding worker qualifications as set forth in the New York City Administrative Code and the Fuel Gas Code (FGC), which address gas authorization approvals and gas qualification applications (see Administrative Code of City of NY §§ 28-423.2.2, 28-423.3.2, 28-901.2 [FGC § 404.21.1]). The Union alleges that the DOB, prior to approving applications, does not verify that applicants submit "satisfactory proof" of meeting certification requirements (Administrative Code §§ 28-423.2.2, 28-423.3.2) or, for authorization applications, does not verify that forms required by the DOB's own guidance, to demonstrate compliance with experience requirements for gas pipe installation, have been submitted (see FGC § 404.21.1[1]-[2], [5]). These allegations are insufficient to establish standing, as the Union has not demonstrated that it "has sustained special damage, different in kind and degree from the community generally" (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413 [1987]) or that "the in-fact injury of which it complains . . . falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773 [1991] [citation omitted]).
Contrary to its contention, the Union also does not have standing under the limited and "narrowly applied" public interest exception as articulated in Matter of Hebel v West (25 AD3d 172, 176 [3d Dept 2005], lv denied 7 NY3d 706 [2006]). "[I]n matters of great public interest, a citizen may maintain a mandamus proceeding to compel a public officer to do [their] duty" (id. at 176 [internal quotation marks and citation omitted]). In Hebel, the Third Department held that the petitioner had standing to seek mandamus relief on the ground of public interest where, in an "unprecedented action by a local official," the respondent was independently issuing marriage licenses in "contravention of a clear mandate of law" that was in effect at that time (id. at 176-177). Here, however, the Union has not demonstrated a sufficient nexus between the DOB's alleged granting of licenses to perform gas work to unqualified plumbers and the matter that the Union alleges is of great public interest, which is the risk of gas explosions.
Having failed to established standing, the issue of whether the Union states a cause of action for both mandamus and declaratory relief is academic. We have considered the Union's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025